**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE GODINHO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-70971

Agency No. A098-141-535

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:      RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

George Godinho, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings based on ineffective assistance of counsel. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion to reopen. *Lin v. Ashcroft,* 377 F.3d 1014, 1023 (9th Cir. 2004). We review de novo claims of due process violations, including the ineffective assistance of counsel, and review for substantial evidence findings of fact regarding counsel's performance. *Id*. We deny the petition for review.

The BIA did not abuse its discretion in denying Godinho's motion for failure to establish that his prior attorneys were ineffective where the record does not compel the conclusion that Godinho's prior attorneys were aware that the alleged persecution by the police was the result of religious animus or that his prior attorneys failed to investigate and prepare his case. *See Lin,* 377 F.3d at 1023 (petitioner must establish that counsel's performance prevented him from reasonably presenting his case).

Godinho's contention that the BIA failed to employ the proper two-pronged analysis of both ineffective assistance and prejudice when evaluating his ineffective assistance of counsel claims is belied by the record.

In light of this disposition, we do not reach Godinho's contentions regarding his diligence and the prejudice arising from the alleged ineffective assistance.

**PETITION FOR REVIEW DENIED.**